# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN MARTINEZ,<br><br>             Plaintiff,<br><br>    v.<br><br>GONZALES, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:09-cv-01048-OWW-DLB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

      Plaintiff Edwin Martinez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on June 5, 2009, in the Sacramento Division of the Eastern District of California. The action was transferred to the Fresno Division on June 15, 2009.

          The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

I.   **Summary of Complaint**

Plaintiff is incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action allegedly occurred.  Plaintiff names as Defendants correctional officers Rodriguez and Guzman, sergeant T. Valdez, captain M. Bryant, and assistant Warden Rouston.  Plaintiff also names warden Gonzales in the caption of his complaint.

Plaintiff alleges the following.  Plaintiff has a broken leg and suffers from herniation of his lumbar spine. (Compl. 5.)  Plaintiff endures chronic back pain and severe limitation to his physical activities. (Id.)  Plaintiff contends that defendants denied him adequate medical care and living conditions, engaged in racial discrimination, false CDC 115 write-ups, and deprived and destroyed his property. (Id.)

On May 1, 2008, at 11:30 PM, while Plaintiff stood by his bunk, Defendants Rodriguez and Guzman approached Plaintiff and called him a "wetback." (Id. at 5A.)  Plaintiff responded by saying he is not a wetback, and was born in the United States.  Both officers arose in anger and asked Plaintiff what was his problem. (Id.)  Defendant Guzman grabbed Plaintiff's right arm, twisting it and dropping Plaintiff to the floor while Defendant Rodriguez started spraying Plaintiff with pepper spray. (Id. at 5A-5B.)  Plaintiff called out for help as Defendant Rodriguez continued to pepper-spray him. (Id. at 5B.)  When Plaintiff tried to turn his head, Defendant Guzman slammed the right side of Plaintiff's head to the floor. (Id.)  Defendant Rodriguez grabbed Plaintiff's arm, rolled him on his side, and began beating Plaintiff with his baton in the

2

face and chest area. (Id.)

Plaintiff was handcuffed and left lying on the floor for a long period of time. (Id.) Plaintiff kept calling for medical attention, but was not provided any medical treatment. (Id.) Defendant Rodriguez kicked Plaintiff several times while Guzman grabbed Plaintiff's collar shirt. (Id.) Plaintiff's body was swollen. (Id.) Plaintiff was then locked in a single man cage by the program office. (Id.) Plaintiff kept asking for medical treatment, but was ignored for over three hours. (Id. at 5B-5C.) C/O Amos came by and stated that if Plaintiff filed a claim, he would fuck him up. (Id.) A nurse came to assist Plaintiff, but C/O Amos told her that Plaintiff is fine and not to make any reports. (Id.) Plaintiff was moved from the cage to dorm No. 2 at approximately 3 AM. (Id.)

On May 2, 2008, at 6 AM, Plaintiff spoke to C/O Howze that he needed medical attention. (Id.) Howze called the medical clinic and two officers arrived and took Plaintiff and locked him in the cage again. (Id.) The officers strip searched Plaintiff and left him there for approximately 3 hours. (Id.) The officers refused to call medical staff, and instead threatened Plaintiff with administrative segregation ("ad seg") if he filed an inmate appeal relating to this incident. (Id. at 5D.) Plaintiff kept his silence and was returned to dorm No. 2. (Id.)

On May 3, 2008, Plaintiff approached another officer who saw his injuries and took Plaintiff to the cage, locked him, and called the sergeant. (Id.) A little while later, a lieutenant came, who called the captain and Defendant Rouston. (Id.) They asked Plaintiff what happened, and Plaintiff told them the truth. (Id.) They made a videotape and a written statement, and asked if Plaintiff had any witnesses, to which Plaintiff said that the inmates in dorm No. 1 would testify. (Id.)

Plaintiff alleges that the assistant warden, captain and lieutenant tried to hide evidence and favored the correctional officers. (Id. at 5H.) Plaintiff alleges that his disciplinary hearing was improperly conducted. (Id. at 5I.) Plaintiff alleges that he asked for evidence of any threat or security to the institution, and Defendants were unable to produce any. (Id.)

Plaintiff also alleges that prison officials knew he had a broken knee and Plaintiff was not provided a mobility impaired vest. (Id. at 5K.) Plaintiff alleges that he was discriminated against

3

on the basis of his disability. (Id. at 5N.)

On July 15, 2008, Plaintiff was placed in ad seg as a threat to defendant Guzman's safety. (Id. at 5O). Plaintiff's property was rolled by another officer, who failed to give a copy of property inventory list to Plaintiff. (Id.) Upon his release from ad seg, Plaintiff filed CDC-602 appeal for his property, which no one responded to. (Id.) Plaintiff never received his property. (Id.)

Plaintiff alleges that he was denied his due process rights during the disciplinary hearing. (Id. at 5P.) Plaintiff alleges that no evidence was collected or produced, nor were any witnesses called. (Id.) Plaintiff was found guilty of the disciplinary charge. (Id. at 5T.)

Plaintiff alleges violation of the Eighth Amendment, violation of the Due Process Clause of the Fourteenth Amendment, discrimination because of his disability, and violation of California Penal Code 673 and 265.2. Plaintiff requests as relief money damages, and injunctive relief.

**II.     Analysis**

    **A.     Eighth Amendment**

        1.     Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id.

4

at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff alleges cognizable claims against Defendants Rodriguez and Guzman for excessive force in violation of the Eighth Amendment.

### 2. Living Conditions/Medical Treatment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at 847; Hearns at 1040.

Plaintiff alleges cognizable claims against Defendants Rodriguez and Guzman for deliberate indifference to a serious medical need. Plaintiff does not allege any other cognizable Eighth Amendment claims against any other defendants.

**B.  Due Process - Disciplinary Hearings**

The Due Process Clause protects prisoners from being deprived of liberty without due

5

process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

Here, Plaintiff has not alleged a cognizable claim for violation of due process. Plaintiff fails to allege a deprivation of a liberty interest. Plaintiff also fails to link any defendants to the alleged constitutional violation. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

**C.  Supervisory Liability**

Plaintiff names a lieutenant, sergeant, captain, assistant warden, and warden as Defendants. Supervisory personnel are generally not liable under section 1983 for the actions of

6

1  their employees under a theory of respondeat superior and, therefore, when a named defendant
2  holds a supervisorial position, the causal link between him and the claimed constitutional
3  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
4  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To
5  state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff
6  must allege some facts that would support a claim that supervisory defendants either: personally
7  participated in the alleged deprivation of constitutional rights; knew of the violations and failed
8  to act to prevent them; or promulgated or "implemented a policy so deficient that the policy
9  'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional
10 violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted);
11 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff fails to allege any facts that
12 indicate the supervisory defendants violated Plaintiff's constitutional rights.  Plaintiff's general
13 allegations against Defendants are insufficient to state a claim.  Plaintiff must set forth "sufficient
14 factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct.
15 at 1949.

16 **III.    Conclusion and Order**

17       Plaintiff has stated a cognizable claim against defendants Guzman and Rodriguez for
18 excessive force and deliberate indifference in violation of the Eighth Amendment.  Plaintiff fails
19 to state any other cognizable claims against any other defendants.  The Court grants Plaintiff
20 leave to file an amended complaint within thirty days.

21       If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding
22 only against defendants Guzman and Rodriguez, Plaintiff may so notify the Court in writing.
23 The Court will then issue a Findings and Recommendations dismissing defendants Gonzales, T.
24 Valdaz, M. Bryant, and Rouston from this action, and will forward Plaintiff two summonses and
25 two USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct
26 the United States Marshal to initiate service of process.

27       If Plaintiff opts to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P.
28 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

constitutional or other federal rights.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File a first amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that Plaintiff does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **March 13, 2010**              **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE